UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHURMON L. BONNER<br><br>          Plaintiff,<br><br>     -v-<br><br>ENHANCED RECOVERY COMPANY, LLC<br><br>          Defendant. | CASE NO.: 1:20-cv-00064<br><br>JUDGE:<br><br><br>COMPLAINT<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Shurmon L. Bonner, for his Complaint against Enhanced Recovery Company, LLC ("Defendant"), states as follows:

<u>NATURE OF THE ACTION</u>

1.  Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505 *et seq.* ("ICFA"), stemming from Defendant's unlawful collection practices as described in this Complaint, *infra*.

<u>JURISDICTION AND VENUE</u>

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Illinois.

<u>P</u><small>ARTIES</small>

4.  Plaintiff, Shurmon L. Bonner ("Mr. Bonner"), is a natural adult person residing in Chicago, Illinois, and is a "person" and "consumer" as those terms are defined and/or used within the FDCPA and ICFA.

5.  Defendant, Enhanced Recovery Company, LLC, is a Delaware limited liability company in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

6.  In its communications to consumers, Defendant identifies itself as a "debt collector."

7.  Defendant is registered with the Illinois Secretary of State bearing business file number 03320618, and has been in business in Illinois since 2010.

8.  Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA.

9.  Defendant is a "person" as that term is defined and/or used within the ICFA.

10.  Defendant acted through its agents, employees, members, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

<u>F</u><small>ACTS</small> <u>S</u><small>UPPORTING</small> <u>C</u><small>AUSES OF</small> <u>A</u><small>CTION</small>

11. As Mr. Bonner was reviewing his credit reports, he discovered an entry bearing Defendant's name reporting a consumer debt originally owed to *Charter Communications* in an active collection status (the "Subject Debt"). Relevant pages from Mr. Bonner's Experian credit report, dated October 18, 2019, are attached to this complaint as Exhibit A.

12. Mr. Bonner also discovered that Defendant had updated its furnishing of the Subject Debt to Experian as recently as October 13, 2019. *See* Exhibit A.

13. Mr. Bonner's credit report also represented that the Subject Debt would remain on his credit report until December 2019. *See* Exhibit A. Upon information and belief, as a collection account remains on a consumer report for seven (7) years from the date of the first delinquency of the underlying debt, the Subject Debt fell into delinquency in or around December 2012. *See* Exhibit A; *see also* 15 U.S.C. § 1681c.

14. On or around October 18, 2019, Mr. Bonner accessed Defendant's website to ascertain additional information concerning the collection account appearing his credit report and the debt Defendant was attempting to collect from him. Screenshots of Defendant's webpages accessed by Mr. Bonner are attached to this Complaint as Exhibit B (the "Payment Portal").

15. During Mr. Bonner's access to the Payment Portal, Defendant identified itself to Mr. Bonner as a "debt collector" attempting to collect upon a "debt." *See* Exhibit B.

16. Defendant attempted to collect the Subject Debt from Mr. Bonner during his accessing of the Payment Portal, including stating, *inter alia*: (a) "Would you like to start resolving this debt?"; (b) "Find the option that's right for you"; (c) "Pay balance in Full if you can"; (d) "Contribute towards your balance if cannot pay in full"; (e) "Pay off your debt in one payment or over affordable monthly installments."; and (f) "This is an attempt to collect a debt. Any information obtained will be used for that purpose." *See* Exhibit B.

17. The applicable statute of limitations for the Subject Debt states, in relevant part:

> Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied . . . shall be commenced within 5 years next after the cause of action accrued.

*See* 735 ILCS § 5/13-205.

18.    Thus, given the applicable five (5) year statute of limitations and the fact that the Subject Debt fell into delinquency beginning in December 2012, as of October 18, 2019, the date Mr. Bonner accessed the Payment Portal, the Subject Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

19.    Despite the time-barred status of the Subject Debt, at no point during Mr. Bonner's access to the Payment Portal did Defendant disclose or explain to Mr. Bonner that the Subject Debt was time-barred and/or that Defendant could not sue him to collect it.

20.    Despite the time-barred status of the Subject Debt, at no point during Mr. Bonner's access to the Payment Portal did Defendant disclose or explain to Mr. Bonner that by paying, or even just agreeing to pay, any portion of the Subject Debt, or merely acknowledging the Subject Debt as valid, it could have the effect of reviving the applicable statute of limitations as to the Subject Debt, subjecting Mr. Bonner to further legal liability for the Subject Debt.

21.    During Mr. Bonner's access to the Payment Portal, Defendant also represented to Mr. Bonner that it was entitled to collect a "Convenience Fee" from him in the amount of $8.95 if he chose to make a payment on the Subject Debt via the Payment Portal (the "Convenience Fee").

22.    The Convenience Fee is not expressly authorized pursuant to any underlying contract between Mr. Bonner and *Charter Communications*.

23.    After a reasonable time to conduct discovery, Mr. Bonner believes he can prove that all actions taken by Defendant as described in this Complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

DAMAGES

24.    In conjunction with Defendant's adverse credit reporting concerning the Subject Debt, Plaintiff was misled by Defendant during his access to the Payment Portal.

4

25.   Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him on time-barred debt(s) and ultimately cause unwarranted harm to his credit or otherwise harm him financially.

26.   Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful methods and/or means in its attempts to collect the Subject Debt from him.

27.   As a result of Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

28.   As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this Complaint.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### *15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10), f and f(1)*

29.   All prior paragraphs are incorporated into this count by reference.

30.   The FDCPA states, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (5) The threat to take any action that cannot legally be taken or that is not intended to be taken; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.  15 U.S.C. §§ 1692e, e(2)(A), e(5) and e(10).

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is

expressly authorized by the agreement creating the debt or permitted by law.  15 U.S.C. §§ 1692f and f(1).

31.   Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), and f via its representations and omissions directed to Plaintiff on the Payment Portal, in conjunction with its October 13, 2019 adverse credit reporting concerning the Subject Debt, by omitting any disclosure whatsoever to Plaintiff concerning the time-barred status of the Subject Debt, namely, that Plaintiff could no longer be sued in connection with the Subject Debt and/or that any payment he made towards the Subject Debt, or even arranging to pay, could revive the applicable statute of limitations as to the entire balance of the Subject Debt.

32.   Defendant knew, or should have known, that the applicable statute of limitations to collect the Subject Debt had expired, yet failed to provide disclosure of same – and/or the legal implications of same – to Plaintiff.

33.   Plaintiff was unable to adequately determine the character and legal status of the Subject Debt based upon Defendant's representations and/or omissions, and was unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the Subject Debt.

34.   Defendant's representations and/or omissions directed to Plaintiff on the Payment Portal served only to confuse and intimidate Plaintiff with hopes that he waived his rights and affirmative defenses under the law.

35.   As an experienced debt collector, Defendant knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

36.    Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10), f and f(1) by representing to Plaintiff that he would be charged the Convenience Fee if he chose to pay the Subject Debt via the Payment Portal.  Defendant's charging of the Convenience Fee is not authorized per contract, statute or otherwise and, therefore, Defendant was not legally entitled to collect it from Plaintiff. For Defendant to represent otherwise to Plaintiff, as reflected in the Payment Portal, constitutes a false, deceptive and/or misleading representation to the extent it stated and/or implied that Defendant could legally collect such monies from Plaintiff.

37.    As set forth in paragraphs 24 through 28, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

COUNT II
VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
*815 ILCS §§ 505/2*

38.    All prior paragraphs are incorporated into this count by reference.

39.    Defendant's collection activity in connection with the Subject Debt constitutes "conduct of any trade or commerce" as that phrase is defined and/or used within the ICFA.

40.    The ICFA states, in relevant part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.  815 ILCS § 505/2.

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person.  The court, in its discretion may award actual economic damages or any other relief which the court deems proper.  815 ILCS § 505/10a.

41. Defendant violated the ICFA, namely 815 ILCS § 505/2, by engaging in unfair, abusive, and deceptive conduct in its transactions with Plaintiff by, *inter alia*: (i) attempting to collect the Subject Debt – through its credit reporting activity and then via the Payment Portal – despite omitting any disclosure whatsoever to Plaintiff concerning the time-barred status of the Subject Debt, namely, that Plaintiff could no longer be sued in connection with the Subject Debt and/or that any payment he made towards the Subject Debt, or even arranging to pay, could reset the applicable statute of limitations as to the entire balance of the Subject Debt; and (ii) representing to Plaintiff that he would be charged the Convenience Fee if he chose to pay the Subject Debt via the Payment Portal.

42. Defendant intended that Plaintiff rely on its misrepresentations and/or omissions in order to procure immediate payment of the Subject Debt and/or to procure a greater amount of money in connection with the Subject Debt than it was otherwise entitled to.

43. As set forth in paragraphs 24 through 28, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

44. Plaintiff is, therefore, entitled to relief pursuant to 815 ILCS § 505/10a.

45. Defendant's actions as set forth in this Complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages under the ICFA in such an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Shurmon L. Bonner, respectfully requests that this Court enter judgment in his favor as follows:

a) Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and 815 ILCS § 505/10a;

b) Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

c) Awarding Plaintiff additional damages, in amounts to be determined at trial, as provided under 815 ILCS § 505/10a;

d) Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and 815 ILCS § 505/10a; and

e) Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 3rd day of January, 2020.          Respectfully Submitted,

                                             */s/ Geoff B. McCarrell*
                                             Geoff B. McCarrell #0086427
                                             David S. Klain #0066305
                                             CONSUMER LAW PARTNERS, LLC
                                             333 N. Michigan Ave., Suite 1300
                                             Chicago, Illinois 60601
                                             (267) 422-1000 (phone)
                                             (267) 422-2000 (fax)
                                             geoff.m@consumerlawpartners.com

                                             *Attorneys for Plaintiff*

<u>JURY DEMAND</u>

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                             */s/ Geoff B. McCarrell*
                                             Geoff B. McCarrell #0086427
                                             CONSUMER LAW PARTNERS, LLC